IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Willie J. Harper, #214828 )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Petitioner, )<br>　　　　　　　　　　　　　　　)<br>　v.　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>Warden of Perry )<br>Correctional Institution, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　　Respondent. )<br>　　　　　　　　　　　　　　　) | Civil Action No.8:08-3472-GRA-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

　　　　The petitioner, a state prisoner, seeks relief pursuant to Title 28, United States Code, Section 2254. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. # 8.)

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

　　　　The petitioner brought this habeas action on October 9, 2008.[1] On December 31, 2008, the respondent moved for summary judgment. By order filed January 6, 2009, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On January 29, 2009, the petitioner filed a response opposing the respondent's summary judgment motion.

---

　　　[1]This filing date reflects that the envelope containing the petition was date stamped as having been received on October 9, 2008, at the Perry Correctional Institution mailroom. (Pet. Attach.# 2.) *Houston v. Lack*, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when filed with prison authorities for forwarding to the district court).

## **PROCEDURAL HISTORY**

The petitioner is currently incarcerated in the Perry Correctional Institution. In August 2003, the petitioner was indicted for murder and criminal sexual conduct ("CSC") in the first degree. (PCR App. 26, 28.) The petitioner was represented by attorney Christopher Scalzo. As part of a plea bargain, the State agreed to drop a pending charge for assault and battery with intent to kill, and agreed to recommend concurrent sentences of thirty years on each of the remaining charges. (PCR App. 15-16, 22.) On May 31, 2005, the petitioner pled guilty to the murder and CSC charges before the Honorable J. Michael Baxley. In accordance with the recommendation, Judge Baxley sentenced the petitioner to thirty years each for the murder and the CSC, to run concurrently. (PCR App. 22; 25;27.) The petitioner did not file a direct appeal.

On August 23, 2005, the petitioner filed a pro se application for post-conviction relief ("PCR"), raising the following grounds for relief:

      1. Ineffective counsel.

      2. No investigation was conducted by my counsel.

      3. Involuntary plea.

(PCR App. 29.) On February 28, 2006, an evidentiary hearing was held before the Honorable Edward W. Miller. (PCR App. 45.) The petitioner was present and represented by appointed counsel Maurice McNab. Judge Miller orally denied relief at the hearing, and on March 23, 2006, filed an order dismissing the petitioner's PCR application. (PCR App. 68; 72.) The petitioner filed a notice of appeal with the South Carolina Supreme Court.

Appellate Defender Katherine Hudgins was appointed to represent the petitioner. On December 18, 2006, Hudgins filed a petition to be relieved as counsel and a "no merit" Johnson petition for a writ of certiorari raising the following issue: "Was trial counsel ineffective in failing to personally interview witnesses?"

On August 8, 2007, the petitioner filed a second application for PCR raising the following ground for relief: Lack of Subject-matter Jurisdiction. The State filed motion to dismiss because the appeal of the petitioner's first PCR proceeding was still pending. On September 25, 2007, the Honorable D. Garrison Hill dismissed the petitioner's second PCR application.

On December 19, 2007, the petitioner's appeal was transferred to the South Carolina Court of Appeals. On May 28, 2008, the South Carolina Court of Appeals denied the petition for writ of certiorari, and the remittitur was sent down on June 13, 2008.

In this habeas action, the petitioner raises the following grounds for relief, quoted verbatim:

> **Ground One:** Ineffective assistance of Trial Counsel
> **Supporting Facts:** Trial counsel failed to properly investigate petitioner's by failing to talk to witnesses to the crime.
>
> **Ground Two:** Trial Court lacked Subject Matter Jurisdiction to Accept Petitioner's Guilty Plea.
> **Supporting Facts:** The petitioner's indictment was returned when there was no General Sessions Court with a Grand Jury in attendance for return of a true bill indictments(s).

(Pet. 6-7.)

## **APPLICABLE LAW**

**Summary Judgment Standard**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is

entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

### HABEAS STANDARD OF REVIEW

Since the petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2).

Federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings," 28 U.S.C.A. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 398 (2000).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id*. at 410.

### EXHAUSTION AND PROCEDURAL BAR

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

5

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (I) there is either an absence of available State corrective process; or
>>
>> (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq.  A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90.  Strict time deadlines

govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977); *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, *Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. *Reed v. Ross*, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997)(citing *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991); *Teague v. Lane*, 489 U.S. 288,297-98 (1989); and *George v. Angelone*, 100 F.3d 353,363 (4th Cir. 1996).

D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. *Granberry v. Greer*, 481 U.S. 129, 131 (1987). In order to have such

8

claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. 478. A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.*

Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982).

## DISCUSSION

**Ground One**

In Ground One, the petitioner alleges trial counsel was ineffective for failing to talk to alleged witnesses to the crime. The respondent contends this claim should be dismissed. The undersigned agrees.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that trial counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id.* at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. *Id.* at 687.

In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland,* the Court must decide whether the petitioner has established "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." The focus is upon "the 'fundamental fairness of the proceeding.'" *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (prejudice prong focuses on "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair"). A "reasonable probability" is therefore "one 'sufficient to undermine the confidence in the outcome.' " *Strickland*, 466 U.S. at 694. The petitioner must show "that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." *Id.* at 687; *see also Lockhart*, 506 U.S. at 372 ("[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitled him").

As noted above, at the PCR hearing, the petitioner did not present any witnesses. The petitioner testified at the PCR hearing that these witnesses would have helped him by testifying about the circumstances of the case and he would have been able to plead to a lesser charge. (PCR App. 52.) Then, on cross-examination, the petitioner testified that these witnesses were alibi witnesses. (PCR App. 57.) The PCR court found the petitioner had failed to establish prejudice as he had failed to present testimony at PCR from the witnesses counsel allegedly did not contact. (PCR App. 75-76.)

The PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record. The petitioner failed to show any prejudice. *Dempsey v. State,* 610 S.E.2d 812, 814 (S.C.2005) (holding "[a] PCR applicant cannot show that he was prejudiced by counsel's failure to call a favorable witness to testify at trial if that witness does not later testify at the PCR hearing or otherwise

offer testimony within the rules of evidence."). Accordingly, this ground is without merit and should be dismissed.

**Ground Two**

In Ground Two, the petitioner alleges the trial court lacked subject matter jurisdiction because of alleged infirmities with the indictments. Specifically he alleges the indictments were returned "when there was no General Sessions Court with a Grand Jury in attendance for return of a true bill indictments(s)." In his memorandum opposing summary judgment, the petitioner alleges that there was no presentment to the grand jury and he was convicted without an indictment having been returned from the grand jury. (Pet'r's Mem. Opp. Summ. J. Mot. at 2-3.)

"To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court." *Matthews v. Evatt,* 105 F.3d 907 (4th Cir. 1997)). Here, the petitioner did not raise this issue at his plea hearing or on direct appeal. Further, the petitioner did not assert this issue in his PCR application and this claim was not raised to nor ruled upon by the PCR judge. *Plyler v. State*, 309 S.C. 408, 424 S.E.2d 777 (1992)(issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review).

When a state prisoner has defaulted his claims in state court, habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.    Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. *Coleman*, 501 U.S. at 753. The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the

conviction of one actually innocent of the crime. *Murray v. Carrier*, 477 U.S. at 496. To prevail under an "actual innocence" theory, the petitioner must produce new evidence that was not available at trial to show his factual innocence. *Royal v. Taylor,* 188 F.3d 239, 244 (4th Cir. 1999). Further, the petitioner must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." *United States v. Mikalajunas*, 186 F.3d 490, 494 (4th Cir.1999).

The petitioner argues that he has suffered a fundamental miscarriage of justice. However, the undersigned finds that the petitioner has not met his burden of showing actual innocence. He presents no evidence nor suggests that any exists which could satisfy the difficult standard as set forth above. Thus, this claim is procedurally barred from habeas review.

In *Kornahrens v. Evatt*, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See Karsten v. Kaiser Foundation Health Plan*, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.[2] Accordingly, as this claim is procedurally barred, it should be dismissed.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Respondent's Motion for Summary Judgment (Dkt. # 8) be GRANTED; and the habeas petition DISMISSED with prejudice.

---

[2]The undersigned notes that the South Carolina Supreme Court has abandoned the view that a defective or insufficient indictment is a question of subject matter jurisdiction that can be raised at any time regardless of whether the issue was properly preserved. *State v. Gentry,* 610 S.E.2d 494 (S.C. 2005)

IT IS SO RECOMMENDED.

*Bruce H. Hendricks*
BRUCE H. HENDRICKS
UNITED STATES MAGISTRATE JUDGE

April 22, 2009
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).